**FILED**
3/16/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**RECEIVED** NG
3/9/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

STEPHEN J. KRISIK, JR. )
)
      Plaintiff, )
)
      v. )
)
J.B. PRITZKER, in his official capacity as Governor )
and chief executive of the State of Illinois, and )
BRENDAN F. KELLY, in his official capacity as )
Director of the Illinois State Police; and JESSICA )
TRAME, in her official capacity as Bureau Chief of )
the Illinois State Police Firearms Services Bureau, )
)
      Defendants. )

**1:21-CV-01305**

JUDGE GOTTSCHALL
MAGISTRATE JUDGE FINNEGAN

<u>COMPLAINT IN LAW AND EQUITY</u>

NOW COMES the Plaintiff, STEPHEN J. KRISIK, JR., a Pro Se Litigant,

and complains of the Defendants, J.B. PRITZKER, in his official capacity as

Governor and chief executive of the State of Illinois, BRENDAN F. KELLY, in his

official capacity as Director of the Illinois State Police, and JESSICA TRAME, in

her official capacity as Bureau Chief of the Illinois State Police Firearms Services

Bureau, as follows:

1.      In Illinois, the ability to exercise one's Second Amendment right to

keep and bear arms is conditioned on first obtaining a Firearm Owners

Identification ("FOID") card. 430 ILCS 65/2(a)(1). Without a FOID card, a person

may not even *possess* a firearm, much less purchase one; violation constitutes a

Class A misdemeanor; a repeated offense is a Class 4 felony. 430 ILCS 65/14.  So

exacting and sever as this law is applied, the spouse of a FOID-card-bearing gun owner can be criminally prosecuted if the spouse lacks his her own FOID card because the State may deem the spouse who lacks the card to be in "constructive possession" when the FOID-card-bearing spouse is absent from the home. See, e.g., *People v. Elders*, 63 Ill. App. 3d 554 (5th Dist. 1978); *See also Hicks v. Poppish*, 2011 U.S. Dist. LEXIS 95222, *15 (N.D. Ill. 2011).

2.  The Illinois Legislature imposed this extraordinary[1] statutory scheme that requires a person to submit a form, pay a fee, and not suffer a specified disqualification in order to possess or purchase a firearm or ammunition. Unless and until the applicant actually obtains and holds in his or her hand the state-issued plastic FOID card, the person cannot exercise the most basic Second Amendment right to possess a firearm in one's home for self-defense.

3.  Undoubtedly recognizing the constitutional imposition the FOID scheme presents, the Illinois legislature required the Illinois State Police ("ISP") to ***either approve or deny*** an application for a FOID card ***within 30 days***. 430 ILCS 65/5(a). But despite this statutory command, the ISP commonly does *not* approve qualified residents' applications within 30 days.

4.  Instead, the ISP leaves applicants in limbo for months, with residents commonly waiting as long as 115-190 days to receive a FOID card. This has been

---

[1] Illinois is just one of two states to impose this Second Amendment restriction for possession of a rifle, the other being Massachusetts. Mass. Gen. Laws ch. 140, § 129C.

true for years, and it has only become worse as applications for FOID cards have surged in response to recent social unrest, looting, and violent personal harm.

5.     The Illinois resident who is a Plaintiff in this lawsuit has waited over 8 months to receive the FOID card for which he has applied, without approval or rejection. According to the Firearms Services Bureau of the Illinois State Police, the *average* waiting time for approval of a new FOID card application is currently 122 days.

6.     Illinois cannot justify completely and indefinitely denying its residents their fundamental Second Amendment right to possess a firearm to defend their lives, families, and homes while they wait for the ISP to approve their FOID card applications. Simply put, if the State of Illinois is going to condition the exercise of a fundamental right on the receipt of a license, then the process for issuing that license cannot be defective to the point of near-inoperability. The State of Illinois cannot act as a Second Amendment gatekeeper and then refuse to open the gate to qualified applicants.

7.     Plaintiff has therefore brought this lawsuit to protect his Second Amendment right. He asks this Court to (1) declare that the ISP's failure to issue FOID cards to a qualified applicant within 30 days violates the Second and Fourteenth Amendments, and (2) order the state to immediately issue a FOID card to the individual Plaintiff or to demonstrate cause under 430 ILCS 65/8 to deny such application.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and 42 U.S.C. § 1983 because this action seeks to redress the Defendant's deprivation, under color of state law, of rights protected by the U.S. Constitution.

9.      Venue lies in this Court pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to this action are harming Plaintiff in this District.

## PARTIES

### Plaintiff

10.      Plaintiff Stephen J. Krisik, Jr. is an individual over 21 years of age who resides in the City of Evanston in Cook County, Illinois.  Mr. Krisik is the President and owner of Iron Horse Management Consultants located in Evanston, Illinois.  He is the former Head of Investments for BMO Harris Private Bank where he oversaw all personal investment services and strategies during his 20-year tenure.  He is a respected investment consulting professional and a distinguished member of the community.  He has also been employed by The Northern Trust Company and Whitnell & Co.  He has two grown children.  Mr. Krisik holds a bachelor's degree in Economics from Northwestern University and an MBA degree from The University of Chicago.  He has no arrest record, nor any felony conviction or mental health problems that would disqualify him from being approved for a FOID card under the FOID Card Act.  *See 430* ILCS 65/8.

4

11.    Defendant J.B. Pritzker is Governor and chief executive of the State of Illinois.

12.    Defendant Pritzker oversees various state agencies and departments as prescribed in the Illinois State Constitution, including the Illinois State Police ("ISP") and its Firearm Services Bureau ("FSB"). This oversight includes budgetary allocations. He is sued in his official capacity pursuant to the principles set forth in *Ex Parte Young*, 209 U.S. 123(1908).

13.    Defendant Brendan F. Kelly is the Acting Director of the Illinois State Police (ISP).

14.    The ISP is a department of the executive branch of the State of Illinois created by statute, 20 ILCS 2605/2605-1, *et seq*. Under the Illinois Firearm Owners Identification Card Act, 430 ILCS 65/1, *et seq*. ("FOID Card Act"), the ISP is charged with administering the system for consideration applications for, granting, denying, and/or revoking individual licenses to possess firearms under the FOID Card Act.

15.    Defendant Kelly is the ISP employee directly responsible for the administration of the FOID Card Act. As such, Defendant Kelly is responsible for the ISP's failure to issue FOID cards to Plaintiffs within 30 days of receiving their applications. He is sued in his official capacity pursuant to the principles set forth in *Ex Parte Young*, 209 U.S. 123 (1908).

16.    Jessica Trame is the Bureau Chief of the Firearm Services Bureau (FSB), a division of the ISP established to administer programs relating to firearms delegated to the ISP, including under the FOID Card Act. Having the power to

make decisions in these programs, the FSB is an administrative agency of the State of Illinois as defined by 735 ILCS 5/3-101.

17.     As Bureau Chief of the FSB, Defendant Trame is directly responsible for the ISP's failure to issue FOID cards to Plaintiffs and others within 30 days of receiving their applications. She is sued in her official capacity pursuant to the principles set forth in *Ex Parte Young*, 209 U.S. 123 (1908).

FACTS

*Illinois's FOID Card Requirement*

18.     Under Illinois law, an individual must obtain a FOID card to be allowed to possess any firearm.

19.     430 ILCS 65/2 states, in relevant part:

> Sec. 2. Firearm Owner's Identification Card required; exceptions.
>
> (a)     (1) No person may acquire or possess any firearm, stun gun, or taser within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act.
>
> (2) No person may acquire or possess firearm ammunition within this State without having in his or her possession a Firearm Owner's Identification Card previously issued in his or her name by the Department of State Police under the provisions of this Act.
> ...

20.     Illinois also provides that the ISP must "either approve or deny all

6

[FOID card] applications within 30 days from the date they are received,"
except for renewal applications, which are to be approved or denied within 60 days.
430 ILCS 65/5.

21.     The ISP must approve a FOID card application unless a disqualifying
factor listed in the FOID Card Act (such as a felony conviction or certain mental
health problems) applies. See 430 ILCS 65/8.

*Illinois's Failure to Timely Issue FOID Cards*

22.     Despite the statutory requirement, the ISP often does not approve or
deny new FOID card applications within 30 days.

23.     For years, the ISP has commonly taken much longer than 30 days to
approve qualified applicants' FOID card applications.

24.     For example, on September 3, 2020, the ISP *by its own admission* in
its recorded telephone message stated that the average wait time for a new FOID
Card application was 94 days.

25.     On November 9, 2020, the ISP *by its own admission* in its recorded
telephone message stated that the average wait time for a new FOID Card
application was 115 days.

26.     On March 3, 3021, the ISP *by its own admission* in its recorded
telephone message stated that the average wait time for a new FOID Card
application was 122 days.

27.     In 2020, violence and looting led to a surge in applications for FOID
cards, and the ISP is still failing to issue FOID cards within 30 days as state law

7

requires.

28.     Plaintiff Stephen J. Krisik, Jr. applied for a FOID card on June 25, 2020. The ISP still has not approved or denied his application.

29.     Plaintiff Stephen J. Krisik, Jr. is not prohibited from obtaining a FOID card under the disqualifying factors listed in 430 ILCS 65/8.

30.     One cause of Defendants' failure to timely process FOID applications is the State of Illinois' persistent refusal to provide the resources necessary to do so.

31.     On September 10, 2019, the State of Illinois Commission on Government Forecasting and Accountability reported that, in the preceding five years, the ISP had more than $29.5 million swept or transferred away from the State Police Firearms Services Fund, the State Police Operations Assistance Fund, and the State Police Services Fund and into other accounts.

32.     That money was to be used for three purposes: background checks for firearm-related services, concealed carry licensing, and administration of the FOID Card Act.

33.     Instead, the more than $29.5 million has been subject to interfund transfers, which are ostensibly to be repaid, but which have not been, or has been swept into other accounts with no obligation to reimburse the funds at all.

34.     The effect of this has been a systematic slowdown and sometimes halt of the processing of applications under the FOID Card Act. Even before the state lockdown in response to COVID-19, applicants commonly made many attempts to reach someone at the ISP by phone with no success. In the unlikely event that a person would answer, the applicant is only told that his or her case is under review.

Similarly, when checking the status of a new FOID application on the FSB's website, the only information provided is that the case is "under review'."

*Injury to Plaintiff*

35.    Plaintiff Stephen J. Krisik, Jr. is injured by the Defendants' failure to issue him a FOID card within 30 days of receiving his application because this failure has completely and egregiously deprived him of his right to keep and bear arms and to use a firearm to defend his life, family, and property. But for the Defendants' failure to issue him a FOID card, the Plaintiff would immediately obtain and possess a firearm in Illinois, and become properly and thoroughly trained in its safety and use.

36.    If not permanently enjoined by this Court, Defendants and their agents, representatives, and employees will continue to fail to timely approve FOID card applications, which deprive the Plaintiff of his constitutionally protected right to keep and bear arms. Thus, Defendants' challenged practices are now causing and will continue to cause Plaintiff to suffer irreparable injury, including but not limited to deprivation of his right to keep and bear arms. Plaintiff has no plain, speedy, and adequate remedy at law for his injuries.

37.    An actual and substantial controversy exists between Plaintiff and Defendants as to their respective legal rights and duties. Plaintiff contends, pursuant to 42 U.S.C. § 1983, that Defendants' challenged practices violate the Second and Fourteenth Amendments. Plaintiff is informed and believes, and alleges on that basis, the Defendants contend otherwise all counts.

## COUNT I: VIOLATION OF RIGHT TO KEEP AND BEAR ARMS
### U.S. CONST. AMENDS. II AND XIV, 42 U.S.C. § 1983

38.     Plaintiff incorporates and realleges all of the foregoing Paragraphs as if fully restated herein.

39.     The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

40.     The Second Amendment is "fully applicable against the States." *McDonald v. City of Chicago*, 561 U.S. 742 (2010).

41.     The right to keep and bear arms protected by the Second Amendment is a fundamental individual right and includes both the right to possess a firearm for "defense of hearth and home,*" District of Columbia v. Heller*, 554 U.S. 570, 635 (2008) as well as the right to carry a firearm for self-defense outside the home, *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012).

42.     Defendants' failure to comply with their statutory obligation and issue FOID cards in accordance with the 30-day legislative command to Plaintiff Krisik has completely denied his constitutionally guaranteed rights to keep and bear arms for self-defense.

43.     The Defendants, under color of state law, have deprived and are depriving Plaintiff Krisik of his right to keep and bear arms, in violation of the Second and Fourteenth Amendments to the United States Constitution.  He was and is thus injured in violation of 42 U.S.C. § 1983. Plaintiff is therefore entitled to declaratory and preliminary and permanent injunctive relief against the continued

10

deprivation of his rights.

44.     Plaintiff Krisik is also entitled to monetary damages for the violation of his rights under the Second and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

### COUNT II: VIOLATION OF RIGHT TO PROCEDURAL DUE PROCESS
### U.S. CONST. AMEND. XIV, 42 U.S.C. §1983

45.     Plaintiff incorporates and realleges all of the foregoing Paragraphs as if fully restated herein.

46.     By failing or refusing to timely process his FOID application, the Defendants have denied Plaintiff Krisik of his constitutionally guaranteed rights to an objective, prompt, and appealable procedure.

47.     Whenever the government requires individuals to obtain a license or permit to exercise a right—especially a fundamental constitutional right—due process demands that: (a) the burden of proof be allocated to the state, not the individual; (b) the applicant be informed of a specific and brief period within which the government will either grant or deny the license or permit; and (c) the licensing or permitting requirement provide a mechanism for prompt judicial review in the event of the erroneous denial of a license. See *Freedman v. Maryland*, 380 U.S. 51, 58 (1965*); Staub v. City of Baxley*, 355 U.S. 313, 322 (1958).

48.     Defendants' persistent failure to comply with their statutory obligation and issue FOID cards in accordance with the 30 day legislative command has violated and, unless enjoined by this Court, will continue to violate, the due process rights of Plaintiff Krisik.

49.     Plaintiff Krisik therefore has been and is being damaged in violation of 42 U.S.C. § 1983.

50.     Plaintiff Krisik therefore is entitled to declaratory and preliminary and permanent injunctive relief against the continued deprivation of his rights.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and:

A.     Declare that Defendants' failure to approve or deny for cause applicants' FOID card applications within 30 days violates the Second Amendment;

B.     Declare that Defendants have unjustifiably denied Plaintiff Krisik his Second Amendment right to keep and bear arms for self-defense;

C.     Declare the Defendants' failure to approve or deny for cause qualified applicants' FOID card applications within 30 days violates the Due Process Clause of the Fourteenth Amendment;

D.     Declare that Defendants have unjustifiably denied Plaintiff Krisik of his Fourteenth Amendment right to due process;

E.     Enter an injunction ordering Defendants to immediately issue a FOID card to Plaintiff Krisik;

F.     Award Plaintiff his filing fees and court costs, pursuant to 42 U.S.C. § 1988; and

G.     Award Plaintiff such other and further relief as it deems just.

Dated:  March 4, 2021

Respectfully submitted,


/s/Stephen J. Krisik, Jr
**STEPHEN J. KRISIK, JR.**
Litigant Pro Se


Stephen J. Krisik, Jr.
1555 Sherman Avenue
Suite 111
Evanston, IL 60201
312.399.0600
skrisik@icloud.com